UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MALONE,

       Petitioner,

                                              Case Number 05-10151

v.                                            Honorable David M. Lawson

TERRY SHERMAN,

       Respondent.

_____/

## ORDER GRANTING IN PART MOTION TO ISSUE CERTIFICATE OF APPEALABILITY

On June 6, 2005, the petitioner, Donald Malone, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was found guilty of first-degree murder and felony firearm in the Detroit, Michigan Recorder's court. He was sentenced to life imprisonment for the first-degree murder conviction, plus a consecutive two-year term for the felony firearm conviction. In his petition, he claimed error in post-conviction proceedings in which he claimed that the state trial judge deprived him of due process of law when he erroneously refused to grant him a new trial based on newly discovered evidence; the prosecutor engaged in misconduct through her leading questions that resulted in her giving unsworn, un-cross-examined testimony and by knowingly introducing perjured testimony; and his trial and appellate counsel were constitutionally ineffective. The Court denied the petition and the petitioner's motion for reconsideration. The petitioner now asks for a certificate of appealability to appeal these denials.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such

a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court held that the petitioner had not established that his trial or appellate counsel were constitutionally ineffective. The Court finds that reasonable jurists could not debate these issues, and that the Court properly rejected these claims. However, although the Court believes it correctly rejected the petitioner's arguments regarding prosecutorial misconduct and newly discovered evidence, a reasonable jurist could conclude otherwise. Therefore, the Court will grant the petitioner a certificate of appealability on three issues, and deny it on two.

Accordingly, it is **ORDERED** that the petitioner's motion for a certificate of appealability [dkt. #33] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the petitioner is **GRANTED** a certificate of appealability on his claims regarding new evidence (issue one), the prosecutor's questioning of a witness (issue two), and the prosecutor's knowing use of perjured testimony (issue four).

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: April 16, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 16, 2009.

                                    s/Lisa M. Ware
                                    LISA M. WARE